UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

GUILLERMO SAMANO-PADILLA, et al.,

        Defendants,

NORMA OCHOA,

        Petitioner.
_____/

Case No. 1:08-CR-255

Hon. Paul L. Maloney
Chief U.S. District Judge

## SETTLEMENT AGREEMENT REGARDING
## REAL PROPERTY 24567 72nd STREET, SOUTH HAVEN, MICHIGAN

WHEREAS, pursuant to their plea agreements and plea hearings, the Defendants consented to the forfeiture of their interests in certain property identified in the Forfeiture Allegation of the First Superseding Indictment, to include the following real property (hereinafter the "Subject Property"):

    c.    All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 24567 72nd Street, South Haven, Michigan, Township of Covert, County of Van Buren, more particularly described as:

        The South 603.24 feet of the North 1206.48 feet of the West 722.04 feet of the Northwest Fractional Quarter of Section 1, Town 2 South, Range 17 West, according to the Government Survey thereof, and according to a survey made by W.Q. Smith, County Surveyor October 12, 1956.

    P.P. #80-07-001-016-00.

WHEREAS, on or about April 13, 2009, this Court entered a Preliminary Order of Forfeiture

(the "Preliminary Order") regarding, *inter alia*, the Subject Property, upon finding that the Defendants had an interest in the Subject Property and that the government had established the requisite nexus between the Subject Property and the Defendants' criminal conduct;

WHEREAS, following the entry of the Preliminary Order, on or about May 21, 2009, Petitioner Norma Ochoa (hereinafter the "Petitioner") filed a Verified Petition to Adjudicate Interest in the Subject Property, in which she claimed an interest in the Subject Property pursuant to a land contract dated March 23, 2006;

WHEREAS, the government, with the cooperation of Petitioner, has fully and fairly evaluated Petitioner's claim of interest in the Subject Property; and

WHEREAS, the parties to this Agreement, in the interest of fully resolving the Petitioner's present claim of interest, and any claim which may in the future exist, regarding the Subject Property, wish to settle any and all such claims.

IT IS HEREBY STIPULATED that Plaintiff United States of America, by and through Heath M. Lynch, Special Assistant United States Attorney, and Petitioner, by and through her attorney, Steven J. Vander Ark, consent to settle any and all of Petitioner's existing and/or potential claims to the Subject Property pursuant to the following terms:

1. The parties acknowledge that Petitioner has asserted a claim of ownership to the Subject Property as the co-holder of a land contract regarding the Subject Property. Petitioner and Defendant Guillermo Samano-Padilla, Petitioner's husband, entered into the land contract with Emilio and Carmen Froylan, holders of a Warranty Deed to the Subject Property dated February 2, 2004.

2. The parties further acknowledge that a Quit-Claim Deed dated May 2, 2006, and a Seller's Assignment of Land Contract, were filed on or about May 23, 2007, by SNGC, LLC

("SNGC"), purportedly in relation to the Subject Property. The deed purported to reflect the grant by SNGC of an ownership interest in the Subject Property to Christiana Bank and Trust Company, as Owner Trustee of the Security National Funding Trust ("Christiana"). The parties agree that this filing appears to have been made in error, and acknowledge that to date, Christiana has declined to respond to correspondence from counsel for the government and/or for Petitioner.

3. The United States agrees to release the *Lis Pendens* filed with the Van Buren County Register of Deeds on the Subject Property upon: (1) the receipt of $1,500 certified funds from Petitioner and (2) the entry by the Court of a final order of forfeiture in this criminal action. Petitioner agrees to send $1,500 certified funds, made payable to the United States Marshals Service, to Special Assistant United States Attorney, Heath M. Lynch, United States Attorney's Office, P.O. Box 208, Grand Rapids, Michigan 49501-0208, within thirty (30) days of the filing of this Agreement.

4. Petitioner agrees to release and hold harmless Plaintiff United States, and any agents, servants, and employees of the United States, including without limitation the United States Attorney's Office for the Western District of Michigan and the Drug Enforcement Administration (and any involved state or local law enforcement agencies and their agents, servants, or employees), in their individual or official capacities, from any and all claims, demands, damages, causes of action or suits of whatever kind and description, and wheresoever situated, that might now exist or hereafter exist by reason of any action by Plaintiff against or relating to the Subject Property.

5. Petitioner understands and agrees that any cloud on the title to the Subject Property resulting from the filing of the Quit-Claim Deed and attendant document referenced in Paragraph No. 2 above is unrelated to any action taken by the United States, or any agents, servants, or employees of the United States. Petitioner understands and specifically agrees to release Plaintiff

United States from any claim, demand, or cause of action that may arise relating to the clearing of the title to the Subject Property.

6. Petitioner understands and agrees that this Agreement shall be in full settlement and satisfaction of her claim to the Subject Property and of all potential claims resulting from the incidents or circumstances giving rise to this forfeiture action. Petitioner further understands and agrees that, provided this Agreement is approved by the Court, Petitioner shall be excused and relieved from further participation in this action, unless specifically directed by order of the Court.

7. The parties understand and agree that this Agreement has been entered into by all parties freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into, unless in a writing signed by all parties or on the record in open court.

Respectfully submitted,

DONALD A. DAVIS
United States Attorney

Dated: May 14, 2010

_____
HEATH M. LYNCH
Special Assistant United States Attorney

Dated: May 7, 2010

_____
NORMA OCHOA
Petitioner

Dated: May 14, 2010

_____
STEVEN J. VANDER ARK
Attorney for Petitioner Norma Ochoa

APPROVED.
Date:  May 18, 2010          /s/   Paul L. Maloney
                             Chief United States District Judge